UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGH J. HARRELL,

    Plaintiff,

v.

NANCY A. BERRYHILL,

    Defendant.

Case No. 16-cv-02428-MEJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 32

On April 25, 2017, the undersigned granted in part Plaintiff Hugh Harrell's Motion for Summary Judgment, reversed the final decision of the Commissioner of Social Security, and remanded this action for further administrative proceedings. *See* Order, Dkt. No. 29. The undersigned found the Administrative Law Judge ("ALJ") failed to provide legally sufficient reasons for rejecting certain limitations Dr. Barnes had found, and in failing to include those limitations in his final residual functional capacity or in his hypothetical to the vocational expert. *Id*. at 10-11. The undersigned found the ALJ did not err in finding Plaintiff not fully credible or in finding transferability of job skills was not material. *Id*. at 12-17.

When the parties were unable to stipulate to Plaintiff's attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed the instant Motion. *See* Mot., Dkt. No. 32. The United States filed an Opposition (Dkt. No. 33), and Plaintiff filed a Reply (Dkt. No. 34). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the August 17, 2017 hearing.

As is relevant here, the Court may award reasonable attorneys' fees under the EAJA to a prevailing party unless it finds the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Court also may,

in its discretion, reduce the amount of fees requested or deny the award "to the extent that the prevailing party . . . engaged in conduct which unduly and unreasonably protracted the final resolution of the matter." *Id*. § (d)(1)(C).

Plaintiff initially requested an award of $8,370, representing 41.60 hours of attorney time at a rate of $192.68 per hour and 3.35 hours of paralegal time at a rate of $106 per hour. *See* Mot. at 6-7. Plaintiff's Motion is supported by his attorney's Itemization of Services Rendered. *See id.*, Ex. C, Dkt. No. 32-3. The Itemization is reasonable on its face, showing Plaintiff's attorney spent 9.1 hours reviewing the voluminous record; less than 20 hours drafting the motion for summary judgment and statement of administrative record; and just over 10 hours reviewing the United States' cross-motion and preparing a response thereto. *Id*.

The United States does not argue the Commissioner's position was substantially justified or that special circumstances make an award unjust; it does not argue Plaintiff's requested hourly rate is unreasonable. The United States opposes the request on only one ground: the amount of fees requested is unreasonable because Plaintiff prevailed on only one of the three issues he raised in his Motion for Summary Judgment. *See* Opp'n at 2-3. The United States accordingly asks the Court to reduce the fees by five hours of time expended, or $964. *Id*. at 4 (arguing Plaintiff should receive $7,406 in EAJA fees). The United States also argues that when Plaintiff submits the reply brief in support of this Motion, "he must demonstrate that the time spent preparing the brief was reasonable." *Id*. Plaintiff's counsel submitted a supplemental declaration stating he spent a total of 6.2 hours reviewing the United States' opposition to the fee petition, researching relevant case law, and drafting the reply and supplemental declaration. *See* Suppl. Sackett Decl., Dkt. No. 34-1.

The undersigned previously has rejected the United States' position that EAJA fees should be reduced because the Court only accepted some of Plaintiff's arguments:

> Both of Plaintiff's arguments in her summary judgment motion went to support one claim for relief, i.e., a claim for disability benefits on which she prevailed by obtaining a reversal of the ALJ's decision and a remand for further proceedings. *See Trefcer v. Colvin*, 2013 WL 6623823, at *4-5 (E.D. Cal. Dec. 16, 2013) ("Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories"); *Williams v. Astrue*, 2012 WL 3527224, at *3-4 (D. Or. June 26, 2012) (awarding fees where plaintiff presented multiple arguments, not all of which were

2

> successful, but were all in support of one claim for relief: a claim for disability benefits through reversal and remand), *report and recommendation adopted*, 2012 WL 3527207 (D. Or. Aug. 15, 2012). Because Plaintiff's claim for relief involved a common core of facts and was based on related legal theories, "'[m]uch of counsel's time will be devoted generally to the litigation as a whole. . . . Such a lawsuit cannot be viewed as a series of discrete claims.'" *Sorenson[ v. Mink]*, 239 F.3d [1140,] 1147 [(9th Cir. 2001)] (quoting *Hensley[ v. Eckerhart]*, 461 U.S. [424,] 435 [(1983)]).
>
> In considering the second-prong of the analysis, the Court looks at the overall result obtained by the Plaintiff. Specifically, courts must consider "whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id*. at 1147 (quoting *Hensley*, 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*. (quotation omitted). "A plaintiff may obtain excellent results without receiving all the relief requested." *Id*. (citing *Hensley*, 461 U.S. at 435 n.11). Here, although Plaintiff presented two arguments, the Court was persuaded by the first argument to remand in her favor. The Court's decision to not reach the second argument of Plaintiff s argument does not support a reduction of fees. *See Hensley*, 461 U.S. 424, 434 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee." (emphasis added)); *Stevenson v. Astrue*, 2012 WL 5412704, at *7 (N.D. Cal. Nov. 6, 2012) (where plaintiff argued several reasons against the denial of Social Security benefits, and "the court agreed with him with respect to one of these reasons and remanded the action for further proceedings . . ., the court will not reduce the claimed hours."). Given that [counsel] achieved the relief sought for Plaintiff, she obtained an excellent result, and the fee award should not be reduced because Plaintiff did not succeed on all the contentions raised.

*Lauser v. Colvin*, 2015 WL 1884330, at *4-5 (N.D. Cal. Apr. 23, 2015). As in *Lauser*, the Court here reversed the Commissioner's decision and remanded the case for further proceedings, Plaintiff prevailed, and obtained "excellent results" even if he did not succeed on all the arguments raised. The Court finds no reason to reach a different conclusion in this case.

Separately, the Court finds that United States' request to reduce the EAJA fees by five hours is arbitrary. The United States offers no support for its calculations that this amount corresponds to the work Plaintiff's counsel expended on the rejected arguments.

The Court finds an award of $9,584.89 (representing the original amount requested, which included 41.6 hours of attorney time at a rate of $192.68 per hour and 3.35 hours of paralegal time at a rate of $106 per hour, as well as the supplemental 6.2 hours of attorney time expended in

3

connection with the reply), is reasonable.  The Court accordingly **GRANTS** Plaintiff's Motion.

Within 30 days of the date of this Order, the United States shall tender payment for attorneys' fees in the amount of $9,584.89 to Harvey P. Sackett, as Plaintiff's assignee.  Because Plaintiff has assigned all fee awards to his attorney (*see* Mot., Ex. B (Attorney's Fee Contract)), the United States shall tender payment directly to Mr. Sackett, subject to any administrative offset due to Plaintiff's outstanding federal debt, if any exists.

**IT IS SO ORDERED.**

Dated: August 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge