UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH J. HARRELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No. 16-cv-02428-MEJ<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 38 |

## INTRODUCTION

　　Plaintiff Hugh J. Harrell brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). The Court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. Summ. J. Ord., ECF No. 29. Plaintiff's counsel, Harvey P. Sackett, now brings a motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $49,584.89 in fees, payable to Mr. Sackett. Pl's. Mot., ECF No. 38. The Court deems the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for the reasons set forth below.

## BACKGROUND

　　As indicated above, Plaintiff prevailed in his lawsuit against the Social Security Administration, obtaining an order from this Court remanding to the agency for further proceedings. Order, ECF No. 29. When the parties were unable to stipulate to Plaintiff's

attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] Plaintiff filed a Motion for Attorney's Fees under the EAJA, which Defendant opposed. Mot., ECF Nos. 32; Opp'n, ECF No. 33. Plaintiff requested an award of $8,370, representing 41.60 hours of attorney time at a rate of $192.68 per hour and 3.35 hours of paralegal time at a rate of $106 per hour. Mot. at 6-7. Plaintiff requested an additional 6.2 hours of attorney time expended in connection with the reply brief, for a total award of $9,584.89. Reply, ECF No. 34. On August 9, 2017, the Court found Plaintiff's request reasonable and granted his motion in full, ordering the United States to tender payment for attorneys' fees in the amount of $9,584.89 to Harvey P. Sackett, as Plaintiff's assignee, within 30 days. Order, ECF No. 35.

On remand to the agency, Plaintiff prevailed again and was found disabled. Mot., Ex. A (Decision), ECF No. 38-1. Plaintiff was awarded past-due benefits. Sackett represents that the amount of past-due benefits awarded was $203,434. *See* Mot., Ex. B (Notice of Award), ECF No. 38-2 (providing that "you are entitled to monthly disability benefits from Social Security beginning October 2010"; showing the monthly benefit amount, with periodic adjustments for cost of living). Neither Plaintiff nor the government contests the amount of past-due benefits.

Plaintiff and Sackett had a fee agreement which provided: "Charging a fee and requesting direct payment of the fee from withheld past-due benefits. *(SSA must authorize the fee unless a regulatory exception applies.).*" Mot., Ex. C (Appointment of Representative/Fee Arrangement), ECF No. 38-3. The agreement does not provide a fee amount or state the percentage of past-due benefits that may be claimed.

Sackett seeks $49,584.89 in attorney's fees, which is 24.37 percent of the past-due benefits. *See also* Mot., Ex. B (Notice of Award) (stating that, "we usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $50,313.00 from your

---

[1] Under the EAJA, the Court may award attorney's fees to a prevailing party unless it finds the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Court also may, in its discretion, reduce the amount of fees requested or deny the award "to the extent that the prevailing party . . . engaged in conduct which unduly and unreasonably protracted the final resolution of the matter." *Id.* § (d)(1)(C).

past due benefits in case we need to pay your lawyer."). Sackett notes that he "is asking for a gross fee of $49,584.89, and a net free of $40,000.00 after reimbursement of EAJA fees [of $9,584.89 from the Court's previous order] for professional services provided before this court." [2] Mot. at 2.

Sackett represents that he incurred 40.85 attorney hours litigating Plaintiff's case before this Court. Mot., Ex. E (itemization of services rendered), ECF No. 38-5. Thus, if the Court awards the full fee request, Sackett would be paid a de facto hourly rate of $1,213.83 (*i.e.*, $49,584.89 ÷ 40.85 hours).[3]

## LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). If the court awards fees under both the EAJA and SSA, the attorney must reimburse the client the amount of the smaller fee. *Id.* at 796.

Section 406 provides different means for reimbursing attorneys based on whether the proceedings were at the administrative level or in court. For administrative work, § 406(a) allows an attorney to recover fees of either 25 percent of the past-due benefits or $4,000, whichever is smaller, and such a motion is brought before the Commissioner. 42 U.S.C. § 406(a)(2)(A). For successful representation before a court, a judge "*may determine and allow* as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which claimant is entitled." 42 U.S.C. § 406(b)(1)(A) (emphasis added).

---

[2] Sackett does not state why he seeks $49,584.89 instead of $50,313.00 (25%), but the Court notes the remainder after deducting the $9,584.89 EAJA award is an even $40,000.00.
[3] It appears that Sackett's paralegal spent another 3.35 hours on the case. *See* Mot., Ex. E (itemization of services rendered). However, Sackett does not count these hours toward his request for fees, and therefore the Court shall not either.

3

In *Gisbrecht*, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Aside from capping the contingency rate at 25 percent, § 406(b) itself does not explain how courts should determine if requested attorney's fees are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). However, the *Gisbrecht* Court established basic guidelines for determining the reasonableness of attorney's fees in § 406(b) actions. 535 U.S. at 789. Even if a § 406(b) claim is within the statutory limit of 25 percent of past-due benefits, the attorney must show that the fee sought is reasonable, and the court is required to review fee agreements for reasonableness as an independent check. *Id.* at 807.

The Court also held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under § 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements."[4] *Id.* at 793. Interpreting *Gisbrecht*, the Ninth Circuit subsequently explained that lodestar rules should not be applied by courts in cases where the plaintiff and attorney reached a contingent fee agreement because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149. The *Crawford* court held "that a district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage

---

[4] Under the lodestar method, attorney's fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. *Id.* at 797-98 (discussing application of the lodestar method in the Ninth Circuit). The lodestar may be adjusted upward or downward to account for a variety of factors. *Id.* at 798-99. In the Ninth Circuit, courts look to the following factors to determine whether the lodestar should be adjusted: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Id.*

4

1  of [social security] claimants who need counsel to recover any past-due benefits at all." *Id.*

2  Nevertheless, even in contingency fee cases, the court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." *Id.* (holding that to satisfy this duty, the court must examine "whether the amount need be reduced, not whether the lo[de]star amount should be enhanced"). A court can adjust an attorney's fee award downward if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Section 406(b) fees should be reduced where they would constitute a "windfall," and would not be proportional to the time spent on the case. *Id.*; *see also Crawford*, 586 F.3d at 1148. The court may require a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge. *Gisbrecht*, 535 U.S. at 808. The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 807.

## DISCUSSION

In the instant case, Sackett is not asking for fees that constitute more than 25 percent of Plaintiff's past-due benefits. That being said, the question for the Court is whether the full 24.37 percent of the past-due benefits is reasonable under the circumstances. And here, the Court's main concern is whether there should be a downward adjustment in fees because the past-due benefits (over $200,000) are large compared to the amount of time Sackett spent on the case (40.85 hours). As noted above, the de facto hourly rate under these facts is $1,213.83. This is a high hourly rate, particularly in a Social Security case. *See Goucher v. Colvin*, 2017 WL 3421845, at *4 (N.D. Cal. Aug. 9, 2017) (noting that a de facto hourly rate of $814 is high in a Social Security case).

Sackett points out that a de facto hourly rate of more than $900 has been approved in some Social Security cases. Mot. at 9 n.47 (citing cases). However, none of the cases cited by Sackett involves him or is a Northern District of California case. While Sackett does cite to one Ninth Circuit opinion (where the fee awards translated to de facto hourly rates of $519, $875, and $902), *see Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009) (Clifton, J., dissenting), he has failed to demonstrate with any specificity how *Crawford*—or any of the district court cases it has cited— are similar or analogous to the instant case, thus warranting a similar de facto hourly rate. *See id.* (majority opinion) (stating that a "district court should look at the complexity and risk involved in

5

the specific case at issue to determine how much risk the firm assumed in taking the case"). In addition, *Crawford* is distinguishable because, there, counsel actually reduced their fees "substantially from the allowable 25%."[5] *Id.* at 1152.

Sackett's other arguments in defense of a $1,213.83 de facto hourly rate are not persuasive. For example, Sackett represents that his hourly rate for noncontingent representation of a Social Security claimant can reach $630.00 per hour. Mot. at 10. But even assuming Sackett's noncontingent hourly rate is $630.00,[6] the Court is not persuaded that the risk associated with this specific case justifies a multiplier of two. Although Sackett claims that Plaintiff's case in particular involved a significant risk of loss, there are no concrete facts to back up that claim. Sackett's argument is largely generic and generalized. *See* Mot. at 11.

Implicitly recognizing such, Sackett contends that the de facto hourly rate should really be $979.20 after the credit Plaintiff gets for EAJA fees. *Id.* at 9. However, "there is no principled reason to exclude the EAJA credit." *Goucher*, 2017 WL 3421845, at *4 (citing *Stewart v. Astrue*, 2010 WL 934657, at *1 (N.D. Cal. Mar. 15, 2010) ("Plaintiff's counsel's suggestion that the court should base its reasonableness determination on just $ 11,765.89 of the award [i.e., taking out the EAJA award] ignores the reality of how much money he will actually have received for the court case.")). Furthermore, even if the Court were to assume a de facto hourly rate of $979.20, that would not automatically make the rate reasonable. Although Sackett cites a chart indicating that a Bay Area lawyer with more than 30 years of experience can charge $630 per hour as a

---

[5] The same is true with respect to several of the district court cases cited by Sackett. *See, e.g., Knudsen v. Colvin*, 2015 WL 4205319, at *2 (C.D. Cal. July 10, 2015) (in case where de facto hourly rate was $973.78, noting that the fee award "requested is approximately 20% of Plaintiff's benefits which is less than the 25 percent cap imposed by § 406(b)"); *Quinnin v. Colvin*, 2013 WL 5786988, at *1, 4 (D. Or. Oct. 28, 2013) (in case where counsel asked for 22 percent of past-due benefits, ultimately awarding only 15 percent, resulting in a de facto hourly rate of $1,240); *Ali v. Comm'r, Soc. Sec. Admin.*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (in case where de facto hourly rate was $1,000, noting that "[c]ounsel has already adjusted downward the percentage of fees he seeks from those provided for in the valid contingent-fee agreement, from 25 percent to 14 percent"); *Daniel v. Astrue*, 2009 WL 1941632, at *2 (C.D. Cal. July 2, 2009) (noting that, "[a]lthough the de facto hourly rate of plaintiff's counsel's services amounts to $1,491.25,4 counsel seeks only approximately 18% of plaintiff's past-due benefits, rather than the 25% to which counsel is entitled under the Agreement").

[6] There is no supporting declaration from Sackett to support this claimed noncontingent rate.

noncontingent rate, *see* Mot. at 10 & Ex. F (chart), the $630 hourly rate is commanded by the top ninth decile only and it is not clear that Sackett falls into that group. The average noncontingent hourly rate is only $480. *Id.*, Ex. F.

Another consideration for the Court is whether Sackett has ever actually been awarded a de facto hourly rate in the $1,213 neighborhood. The Court was not able to locate any such case; nor has Sackett cited to any such case. There are four cases in which Sackett was awarded a de facto hourly rate in the $600 range,[7] but most cases were in the $300-400 range. *See Goucher*, 2017 WL 3421845, at *4 (listing cases).

Taking into account all of the above, the Court finds that Sackett has failed to show that, "[w]ithin the 25 boundary" permitted by § 406(b), "the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Instead of a de facto hourly rate of $1,213.83, the Court concludes that a de facto hourly rate of $600 is reasonable. This sum constitutes a multiplier of 1.5 assuming a noncontingent hourly rate of $400. This is a fair multiplier that accounts for the risk to Sackett in taking on Plaintiff's specific case, including but not limited to the specific medical impairments Plaintiff had and treatment therefor.

With a de facto hourly rate of $600 and 40.85 hours, the attorney's fee award to be paid out of Mr. Harrell's past-due benefits is $24,510. However, where attorney's fees have been awarded pursuant to the EAJA, the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and alterations omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will

---

[7] *See Pauer v. Berryhill*, 2018 WL 3429083, at *2 (N.D. Cal. July 16, 2018) (de facto hourly rate of $612.04); *Goucher*, 2017 WL 3421845, at *4 (de facto hourly rate of $600); *Stewart*, 2010 WL 934657, at *1 (same); *Jakob v. Barnhart*, 2006 WL 3707888, at *1 (N.D. Cal. Dec. 14, 2006) (de facto hourly rate of $603.28).

7

be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal quotation marks, citation, and alterations omitted). Accordingly, the $9,584.89 EAJA award must be deducted from the $24,510 § 406(b) award.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Sackett's motion for attorney's fees. The Court awards $24,510.00 in attorney's fees under 42 U.S.C. § 406(b), to be paid to Plaintiff's counsel. The $9,584.89 EAJA award shall be refunded to Plaintiff Hugh Harrell.

**IT IS SO ORDERED.**

Dated: August 27, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge