UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGH J. HARRELL,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>  Defendant. | Case No. 16-cv-02428-TSH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 43 |

## I. INTRODUCTION

Plaintiff Hugh J. Harrell brought this action seeking review of a final decision of the Commissioner of Social Security. The judge assigned to this case at the time, Magistrate Judge Maria-Elena James,[1] granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. ECF No. 29. Plaintiff's counsel, Harvey P. Sackett, subsequently brought a motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $49,584.89. ECF No. 38 ("Fees Mot."). Magistrate Judge James granted Sackett's motion in part, awarding $24,510.00 in attorney's fees. ECF No. 42 ("Fees Order"). Sackett now moves to alter judgment to increase the amount of the attorney's fees to $49,584.89. Mot., ECF No. 43. The Court previously found this matter suitable for disposition without oral argument. ECF No. 46. Having considered Sackett's position and the relevant legal authority, the Court **GRANTS** the motion for the following reasons.

---

[1] Magistrate Judge James retired on August 31, 2018, after which the case was reassigned to the undersigned.

## II. BACKGROUND

As indicated above, Plaintiff prevailed in his lawsuit against the Social Security Administration, obtaining an order from this Court remanding to the agency for further proceedings. ECF No. 29. When the parties were unable to stipulate to Plaintiff's attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[2] Plaintiff filed a Motion for Attorney's Fees under the EAJA, which Defendant opposed. Mot., ECF Nos. 32; Opp'n, ECF No. 33. Plaintiff requested an award of $8,370, representing 41.60 hours of attorney time at a rate of $192.68 per hour and 3.35 hours of paralegal time at a rate of $106 per hour. Mot. at 6-7. Plaintiff requested an additional 6.2 hours of attorney time expended in connection with the reply brief, for a total award of $9,584.89. Reply, ECF No. 34. On August 9, 2017, Magistrate Judge James found Plaintiff's request reasonable and granted his motion in full, ordering the United States to tender payment for attorney's fees in the amount of $9,584.89 to Sackett as Plaintiff's assignee. Order, ECF No. 35.

On remand to the agency, Plaintiff prevailed again and was found disabled. Mot., Ex. A (Decision), ECF No. 38-1. Plaintiff was awarded past-due benefits in the amount of $203,434. *Id.*, Ex. B (Notice of Award), ECF No. 38-2. Neither Plaintiff nor the government contested the amount of past-due benefits.

On August 6, 2018, Sackett filed a motion for attorney's fees, seeking $49,584.89, which is 24.37% of the past-due benefits. Fees Mot., ECF No. 38; *see also* Ex. B, ECF No. 38-2 (Notice of Award) (stating that, "we usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $50,313.00 from your past due benefits in case we need to pay your lawyer."). Sackett noted that he "is asking for a gross fee of $49,584.89, and a net fee of $40,000.00 after reimbursement of EAJA fees [of $9,584.89 from the Court's previous order] for

---

[2] Under the EAJA, the Court may award attorney's fees to a prevailing party unless it finds the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Court also may, in its discretion, reduce the amount of fees requested or deny the award "to the extent that the prevailing party . . . engaged in conduct which unduly and unreasonably protracted the final resolution of the matter." *Id.* § (d)(1)(C).

2

professional services provided before this court."[3] Fees Mot. at 2. Sackett represented that he incurred 40.85 attorney hours litigating Plaintiff's case before this Court. *Id.*, Ex. E (itemization of services rendered), ECF No. 38-5. Thus, if the Court awarded the full fee request, Sackett would be paid a de facto hourly rate of $1,213.83 (*i.e.*, $49,584.89 ÷ 40.85 hours).

On August 21, 2018, Defendant filed a response to Sackett's motion, indicating that "[t]he Commissioner of Social Security was not a party to the contingent-fee agreement between Counsel and Plaintiff and therefore is not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits." ECF No. 40 at 1-2.

On August 27, 2018, Magistrate Judge James awarded $24,510.00 in attorney's fees under 42 U.S.C. § 406(b). Fees Order at 8. In lowering the requested amount, Magistrate Judge James found there should be a downward adjustment in fees because the past-due benefits (over $200,000) are large compared to the amount of time Sackett spent on the case (40.85 hours), and that that the risk associated with this case did not justify the high multiplier Sackett sought. *Id.* at 5-6. Magistrate Judge James also noted that Sackett had not provided any cases in this district in which he had been awarded a de facto hourly rate in the $1,213 neighborhood, but she did find cases in which Sackett was awarded a de facto hourly rate in the $600 range. *Id.* at 7. Magistrate Judge James concluded that a de facto hourly rate of $600 in this case was reasonable, "account[ing] for the risk to Sackett in taking on Plaintiff's specific case, including but not limited to the specific medical impairments Plaintiff had and treatment therefor." *Id.*

Sackett filed the present motion on September 4, 2018. Defendant did not file a response.

### III. LEGAL STANDARD

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. There are four grounds upon which a Rule 59(e) motion may be granted: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening

---

[3] Sackett did not state why he sought $49,584.89 instead of $50,313.00 (25%), but the Court noted the remainder after deducting the $9,584.89 EAJA award is an even $40,000.00.

change in controlling law." *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations, emphasis, and citation omitted). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). A district court has considerable discretion when deciding a Rule 59(e) motion. *Turner*, 338 F.3d at 1063.

## IV. DISCUSSION

Sackett argues there is a manifest error of law or fact upon which the judgment was based. Mot. at 2. Specifically, he maintains an hourly rate of $600 is not reasonable and that Magistrate Judge James was incorrect in finding she could not locate a case in which Sackett had been awarded a de facto hourly rate in the $1,213 neighborhood. *Id.*

### A. Legal Standard

As addressed in the Court's previous order, for successful representation in Social Security benefits appeals, a judge "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht v. Barnhart*, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. 789, 793 (2002). Aside from capping the contingency rate at 25 percent, § 406(b) itself does not explain how courts should determine if requested attorney's fees are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). However, the *Gisbrecht* Court established basic guidelines for determining the reasonableness of attorney's fees in § 406(b) actions. 535 U.S. at 789. Even if a § 406(b) claim is within the statutory limit of 25 percent of past-due benefits, the attorney must show that the fee sought is reasonable, and the court is required to review fee agreements for reasonableness as an independent check. *Id.* at 807. A court can adjust an attorney's fee award downward if "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. Section 406(b) fees should be reduced where they would constitute a "windfall," and would not be proportional to the time spent on the

case. *Id.*; *see also Crawford*, 586 F.3d at 1148.

**B.     Analysis**

In the instant case, Sackett did not seek fees that constitute more than 25% of Plaintiff's past-due benefits. However, Magistrate Judge James still needed to consider whether the requested amount, 24.37% of the past-due benefits, was reasonable. In her decision, Magistrate Judge James noted Plaintiff's past-due benefits (over $200,000) are large compared to the amount of time Sackett spent on the case (40.85 hours). Fees Order at 5. As noted above, the de facto hourly rate under these facts is $1,213.83, which the Court found "particularly high in a Social Security case." *Id.* (citing *Goucher v. Colvin*, 2017 WL 3421845, at *4 (N.D. Cal. Aug. 9, 2017) (noting that a de facto hourly rate of $814 is high in a Social Security case)). Although Sackett pointed out that a de facto hourly rate of more than $900 has been approved in some Social Security cases, Fees Mot. at 9 n.47 (citing cases), Magistrate Judge James noted that "none of the cases cited by Sackett involves him or is a Northern District of California case." Fees Order at 5. Sackett did cite to the dissent in *Crawford*, 586 F.3d at 1153 (where the court considered fee awards that translated to de facto hourly rates of $519, $875, and $902), but Magistrate Judge James found he "failed to demonstrate with any specificity how *Crawford*—or any of the district court cases it has cited—are similar or analogous to the instant case, thus warranting a similar de facto hourly rate." Fees Order at 5.

Sackett maintains that Magistrate Judge James's reliance on *Goucher* and its finding that a de facto rate of $814 is high is misplaced. Mot. at 3. He argues the determination in *Goucher*, and therefore the determination in this case, "fails to acknowledge the significant risk of loss based on statistics from the Social Security Administration referenced by Sackett . . . [and] deems Sackett only worthy of an "average" hourly fee given his experience and acknowledged expertise." *Id.* at 4. In contrast, Sackett now cites two unreported cases from this District and the Eastern District of California that were decided after *Goucher – Heath v. Berryhill*, No 15-cv-01811-EDL, ECF No. 28 (N.D. Cal. Aug. 28, 2017) ("*Heath* Order"), and *Perl v. Comm'r*, No.

5

1:16-cv-00196-SAB, ECF No. 29 (E.D. Cal. Aug. 23, 2018) ("*Perl* Order").[4]

In *Heath*, Sackett sought attorney's fees under § 406(b) after the court remanded for additional proceedings. *Heath* Order at 2. On remand, the Social Security Administration determined Heath was disabled and therefore awarded $226,058.00 in retroactive disability benefits. *Id.* Sacket represented Heath under a contingency fee agreement that provided for him to be paid a total maximum of 25% of the past-due benefits awarded as attorney's fees. *Id.* at 3. Sackett reported spending 32.35 hours on the case and sought $46,514.50 in attorney's fees, which resulted in an award equal to a de facto rate of $1,437.80 per hour. *Id.* at 4. The court found that "[a]though this fee is relatively high, consideration of the relevant factors warrants no reduction of the fee [Sackett] seeks." *Id.* The court noted that Sackett's non-contingent hourly rate ranges from $350-$400 per hour, but he was "justified by the risk of loss of the contingent-fee agreement in seeking a higher fee" and because he "assumed a substantial risk of not recovering attorney's fees given that Plaintiff's claim had been denied after several administrative reviews." *Id.* (citing *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) ("any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate" plaintiff's attorney). The court also noted that Sackett "appears to be a well-qualified attorney with significant social security litigation experience," and that he "efficiently achieved the desired result with a substantial award of retroactive benefits to Plaintiff, which indicates the high quality of Petitioner's representation." *Id.* at 5. The court did note that the rate was relatively high, but found that "'[s]ince *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements.'" *Id.* (quoting *Hearn*, 262 F.Supp.2d at 1037). Based on this analysis, the court granted Sackett's application in full, awarding $46,514.50 in attorney's fees. *Id.*

In *Perl*, Sackett also sought attorney's fees under § 406(b) after the court remanded for

---

[4] The Court takes judicial notice of these publicly-filed court documents. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

additional proceedings. *Perl* Order at 2. On remand, the Social Security Administration determined Perl was disabled and awarded $147,440.00 in retroactive disability benefits. *Id.* Sackett represented Perl under a contingency fee agreement which provided for "'a fee no greater than 25% of the past due benefits owed to me' if a favorable decision is received following an unfavorable decision by the administrative law judge." *Id.* at 2-3 (internal quotations and citation omitted). Sackett moved the court for an attorney's fees award of $36,860.00, equal to 25% of the past due benefits. *Id.* at 2. The court granted the award in full, finding "[t]here is no indication that a reduction of fees is warranted for substandard performance" because "[c]ounsel is an experienced, competent attorney who secured a successful result for Plaintiff." *Id.* at 4. Although the case involved five years of backpay, the court found "no indication that Counsel was responsible for any substantial delay in the court proceedings." *Id.* The Court also recognized "the contingent nature of this case and Counsel's assumption of the risk of going uncompensated." *Id.* (citing *Hearn*, 262 F.Supp.2d at 1037).

While Magistrate Judge James had concerns about the reasonableness of the $1,213.83 hourly rate because "none of the cases cited by Sackett involves him or is a Northern District of California case," Fees Order at 5, having now reviewed the new cases provided by Sackett, the Court finds the de facto hourly rate of $1,213.83 is reasonable under *Gisbrecht*. Like the plaintiffs in *Heath* and *Perl*, Plaintiff had been denied benefits several times at the administrative level, and Sackett assumed the risk of loss under the contingent fee agreement. Like those cases, there is also no indication Sackett was responsible for any substantial delay, nor is there any indication that a reduction of fees is warranted for substandard performance. While Magistrate Judge James relied on *Goucher* in part because Sackett in that case had also failed to provide any cases in which he had been awarded the requested hourly rate, Fees Order at 5, Sackett has now corrected that omission here. Accordingly, the Court finds it appropriate to exercise its discretion under Rule 59(e) and therefore **GRANTS** Sackett's motion to alter judgment. The Court finds that a de facto hourly rate of $1,213.83 is reasonable.

With a de facto hourly rate of $1,213.83 and 40.85 hours, the attorney's fee award to be paid out of Plaintiff's past-due benefits is $49,584.96. However, since attorney's fees have also

7

been awarded pursuant to the EAJA, the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and alterations omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal quotation marks, citation, and alterations omitted). Accordingly, the $9,584.89 EAJA award must be deducted from the $49,584.96 § 406(b) award.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Sackett's motion to alter judgment under Federal Rule of Civil Procedure 59(e). The Court **AWARDS** $49,584.96 in attorney's fees under 42 U.S.C. § 406(b), to be paid to Plaintiff's counsel. The $9,584.89 EAJA award shall be refunded to Plaintiff Hugh Harrell.

**IT IS SO ORDERED.**

Dated: September 24, 2018

THOMAS S. HIXSON
United States Magistrate Judge

8